## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KENNITA K. BELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:22-cv-01400 |
| CASCADE RECEIVABLES MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes KENNITA K. BELL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CASCADE RECEIVABLES MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.  Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age, residing in the Northern District of Texas.

5.  Defendant is a third party debt collector providing services to "holders of illiquid and non-performing accounts receivables."[1] Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 5431 Old Redwood Highway, Suite 210, Petaluma, California.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted medical debts ("subject debts") said to be owed by Plaintiff.

9.  Upon information and belief, following Plaintiff's purported default on the subject debts, the subject debts were charged off and placed with Defendant for collection purposes.

10. In approximately the summer of 2022, Plaintiff began receiving calls to her cellular phone, (504) XXX-8042, from Defendant seeking collection of the subject debt.

---

[1] https://cascade365.com/companies/cascade-receivables/

11. Defendant has primarily used the phone number (480) 498-7881 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon speaking with Defendant, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject debts.

13. On or about June 9, 2022, Plaintiff spoke with Defendant, disputed the subject debts, and demanded that Defendant cease calling her cellular phone regarding both subject debts and instead communicate with her in writing.

14. Defendant advised that Plaintiff would be receiving a dispute packet in about thirty days and the calls would stop until the dispute packet was received.

15. However, on or about June 17, 2022, Defendant again contacted Plaintiff seeking collection of the subject debt.

16. Plaintiff asked why Defendant was calling when she had already asked that they stop, and Defendant responded that such conversation never happened, even though it clearly had.

17. Pursuant to 12 C.F.R. § 1006.14(h), "in connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

18. Defendant violated the regulation governing its calling practices by continuing to communicate with Plaintiff via phone calls despite Plaintiff's clear request that Defendant cease utilizing such medium of communication.

19. Additionally, even if Defendant's June 17th phone call falls within the presumptively reasonable frequency of communication permitted for debt collectors, the factors that go about

rebutting such presumptive compliance include whether a consumer has previously requested that a debt collector's phone calls cease. *See* 12 C.F.R. § 1006.14(b)(2).

20. Because Plaintiff had already demanded that Defendant's phone calls cease, all phone calls following such cease requests illustrate Defendant's intent to harass Plaintiff through continued phone calls, even if such calls fall within the presumptively reasonable volume and timing of collection attempts made via phone call as outlined in the relevant regulations.

21. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, compelling her to spend time dealing with the fallout of Defendant's conduct.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, and violations of her federally protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

28. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.*

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt." Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

31. Defendant violated 15 U.S.C. §§ 1692d & d(5), as well as 12 C.F.R. §§ 1006.14(b) & (h), through its placement of phone calls to Plaintiff's cellular phone following her do not call requests.

5

Plaintiff plainly demanded that Defendant cease calling her cellular phone regarding both subject debts, and instead send her information in the mail. Despite the nature of these prior communications, Defendant nevertheless continued placing phone calls seeking collection of the subject debt, even before it sent the dispute packet it said would be sent. Such conduct is blatantly prohibited by Regulation F, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

    b. **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §§ 1692e and e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having requested Defendant to no longer use such medium of communication. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging

6

in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

35. Defendant further violated §§ 1692e and e(10) when it deceptively informed Plaintiff that she had not previously requested their phone calls stop. Defendant engaged in this deceptive conduct in an attempt to convince Claimant that its otherwise harassing phone calls were somehow proper.

    c. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite her requests that such calls cease.

WHEREFORE, Plaintiff, KENNITA K. BELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

41. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after she notified it to stop calling her cellular phone. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

WHEREFORE, Plaintiff, KENNITA K. BELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: June 29, 2022 | Respectfully submitted, |
| s/ Nathan C. Volheim | s/Eric D. Coleman |
| Nathan C. Volheim, Esq. #6302103 | Eric D. Coleman, Esq. #6326734 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Texas | Admitted in the Northern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (331) 307-7648 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | ecoleman@sulaimanlaw.com |